JAMES HEATON, plaintiff in error, *v.* JOSEPH KEMPER, defendant in error.

*Error to Edgar.*

Under a plea of performance, and a special plea alleging a failure on the part of the plaintiff, to perform his part of a dependent covenant, the Circuit Court instructed the jury, " that what the plaintiff or defendant was bound to do, was a matter of fact for the jury to determine, from the covenant, and the other evidence adduced by the parties ; and that it was not a matter of law for the Court to decide ;" *Held,* that the instruction was not erroneous.

The Supreme Court will not reverse the judgment of a Circuit Court, for a refusal to instruct the jury upon an abstract principle of law, unless the applicability of such instruction to the case in issue, is shown.

THIS was an action of *covenant* commenced by Heaton against Kemper, in the Edgar Circuit Court, upon the agreement set forth in the following bill of exceptions. The declaration averred a performance on the part of the plaintiff, of his part of the agreement, and that a large quantity of hides, of the value of $1000, " for want of proper care on the part of the defendant, did suffer ; and a certain other large quantity of hides," of the like value, " for the want of proper care on the part of the defendant, did spoil."

The defendant pleaded, first, that he had kept and performed his covenants ; and secondly, " that there was need and occasion for divers tools and materials, to wit : one bark-mill, one horse, and one fleshing-knife," &c., which he requested the plaintiff to furnish him, but which he neglected to do. The plaintiff replied, that he did furnish the tools and materials mentioned in the defendant's special plea, and took issue to the country. The cause was tried at the June term, 1840, before the Hon. Justin Harlan and a jury, and a verdict rendered for the defendant. A motion for a new trial was made and overruled, and the following bill of exceptions taken :

" Be it remembered, that on the trial of the above entitled cause, the plaintiff produced and read to the jury, in evidence, the following indenture, which was the writing declared on in the above cause :

" April 5th, 1837. This day enter into an agreement between Joseph Kemper of the one part, and James Heaton of the other part. Joseph Kemper binds himself to carry on the tanning business for the said Heaton, one year ; and binds himself to be attentive and careful that no hides spoil or suffer, on his part, for the term of one year. For such consideration, the said Heaton binds himself to give said Kemper $200, and furnish him with a house and garden, and fire wood, and forty bushels of corn, and one barrel of flour, as he may want it ; in the course of the year. Said Heaton binds himself to furnish him necessary tools and materials to carry the business on. Kemper binds himself to commence on or before the 15th of April, 1837, and continue one year. And, also,

the said Heaton binds himself to pay one hundred dollars in six months.          Joseph Kemper,    [SEAL.]
                          James Heaton,     [SEAL.]"

And after the evidence had been gone through on both sides, the plaintiff, by his counsel, moved the following instruction: " that if any thing was necessary to be done to carry on the tanning business aforesaid, which was not expressly provided for in the covenant, that the same should have been performed by the defendant;" which instruction the Court refused to give; but instructed the jury, " that what the plaintiff or defendant was bound to do, was a matter of fact for the jury to determine from the said covenant, and the other evidence adduced by the parties; and not a matter of law for the Court to decide." To which said opinions of the Court, in refusing the plaintiff's instruction, and in giving the last mentioned instruction, the plaintiff, by his counsel, excepts, and asks that this, his bill of exceptions, be signed, and sealed, and made part of the record, which is done.                        J. Harlan."

Garland B. Shellady and U. F. Linder, for the plaintiff in error.

O. B. Ficklin, for the defendant in error.

Smith, Justice, delivered the opinion of the Court:

In this case, the only points presented for our consideration, arise out of the instruction prayed for by the plaintiff, on the trial of the cause, which was refused to be given, and the instruction given by the Circuit Court.

Under the issues joined in the cause, it is conceived that the instruction asked was not pertinent to those issues.

The only questions for the jury to determine, were the performance of the covenants, or an excuse for their non-performance, by either party, and the consequences resulting therefrom.

This was matter of evidence. The jury were properly instructed, that what was obligatory for the parties to do under the covenants, was to be determined by the covenants themselves, and the testimony given.

We can perceive no error in this instruction; nor do we perceive any injury arising from the refusal to give the abstract instruction asked by the plaintiff. Indeed, there is nothing appearing in the case, for none of the evidence is preserved, which shows, even in a remote degree, the applicability of the instruction asked. We are of opinion that the judgment should be affirmed, with costs.

*Judgment affirmed.*